**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: Anthony Horwitz

|  |  |  |
|---|---|---|
|  | ) | 21 B 12975 |
|  | ) |  |
| Debtor(s) | ) | **Judge A. Benjamin Goldgar** |

*NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

Anthony Horwitz, 1050 Oxford Rd., Deerfield, IL  60015
Dimonte & Lizak, 216 W Higgins Rd., Park Ridge, IL  60068

Please take notice that on January 7, 2022 at 9:15 a.m., I will appear before the Honorable Judge A. Benjamin Goldgar or any other Bankruptcy Judge who may preside in his place and stead and present the attached motion to dismiss for ineligibility.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is **160 817 7512** and the password is **623389.**   The meeting ID and password can also be found on the judge's page on the court's web site.

A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.

I certify that this office caused a copy of this notice and the attached motion to be delivered to the above listed debtor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, IL 60532 and to debtor's attorney via the court's CM/ECF system on December 16, 2021.

/s/ Glenn Stearns
Glenn Stearns, Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  Anthony Horwitz

|  |  |  |
|---|---|---|
|  | ) | 21 B 12975 |
|  | ) |  |
| Debtor(s) | ) | **Judge A. Benjamin Goldgar** |

MOTION TO DISMISS FOR INELIGIBILITY

Now Comes Glenn Stearns, Chapter 13 Trustee, and requests dismissal of the above case pursuant to 11 U.S.C. §§ 109(e) and 1307(c), and in support thereof, states the following:

1. On November 12, 2021, the debtor filed a petition under Chapter 13.

2. The debtor's Schedule D lists four debts.  None of the four entries describe any property that secures the claim and all four value the collateral that the supports the claim at $0.00.

3. The unsecured portion of all four debts listed on Schedule D is the entire amount owed.

4. The four unsecured debts listed on Schedule D total $911,729.50.

5. The debtor's Schedule E/F lists unsecured debts in the amount of $142,350.72.

6. The debtor's scheduled unsecured debts total $1,054,080.22.

7. None of the debts are described as either contingent or unliquidated.

8. The debtor's scheduled debts exceed the unsecured debt limit of $419,275 under § 109(e).

9. The debtor is not eligible to be a debtor in Chapter 13.

10. Information provided in the debtor's schedules constitutes an admission by the debtors. <u>In re Bohrer</u>, 266 B.R. 200 (Bankr. N.D. Cal 2001).

11. Eligibility can be determined by the amounts listed in the debtor's schedules. <u>In re Hansen</u>, 316 B.R. 505, 508 (Bankr. N.D.Ill 2004), citing <u>In re Scovis</u>, 249 F.3d. 975, 982 (9th Cir. 2001).

12. A bankruptcy court may look past the schedules to other evidence, checking only to see if the schedules were made in good faith. <u>In re Scovis</u>, 249 F.3d 975, 982 (9th Cir. 2001).

13. This Court has ruled in the case of *In re Allegretti* that "..eligibility depends entirely on the amounts shown in the debtor's schedules; other evidence is considered only to ensure the schedules were filed in good faith." 2018 WL 1750543 at pg 3, (Bankr. N.D.Ill).

14. Disputed debts are counted towards eligibility. <u>In re Knight</u>, 55 F.3d 231 (7th Cir. 1995), <u>In re Waller</u>, 2001 WL 197844 (N.D.Ill.), <u>In re McGovern</u>, 122 B.R. 712 (Bkrtcy N.D.Ind. 1989), <u>In re Sylvester</u>, 19 B.R. 671 (B.A.P. 9th Cir. 1982).

WHEREFORE, the Trustee prays that this case be dismissed pursuant to §§ 109(e) and 1307(c) and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/s/   Glenn Stearns
By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532-4350
630 981 3888